IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

KRISHNA REDDY )
)
v. ) NO. 3:10-1226
)
WEBMEDX, et al. )

TO: Honorable Todd J. Campbell, Chief District Judge

# REPORT AND RECOMMENDATION

By Order entered January 4, 2011 (Docket Entry No. 5), the Court referred this action to the Magistrate Judge, pursuant to 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure, for entry of a scheduling order; decision on all pretrial, nondispositive motions; and a report and recommendation on any dispositive motions.

Presently pending before the Court are: 1) the motion to dismiss (Docket Entry No. 22) of Defendant Webmedx., Inc.; 2) the motion to dismiss (Docket Entry No. 42) of Defendants Sean Carroll, Lance Fusacchia, Joseph Cannon, Karin Lucas, Vallie Piloian, and Donna Smith; and 3) the plaintiff's motion (Docket Entry No. 66) for judgment in her favor. Also before the Court are the parties' numerous and various supplemental filings with respect to these motions. See Docket Entry Nos. 23, 43-49, 59-65, 67, 71-75, 82-87, and 89-90. Set out below is the Court's recommendation for disposition of this case.

# I. BACKGROUND

The plaintiff is a resident of California. She asserts that in October 2003, she began working for Webmedx, Inc. ("Webmedx"), a medical transcription business incorporated in Delaware and alleged to conduct business in several states, as a Medical Transcriptionist ("MT") and worked remotely via the internet from her home in California. After approximately three years, she states that she was promoted to a quality assurance position as a QA Completionist ("QA-C") and worked under the supervision of Karin Lucas ("Lucas"). She alleges that Lucas began to treat her unfairly regarding the assignment of work jobs after the plaintiff complained to Vince Consoli, the Vice President of Operations for Webmedx, about a memo Lucas had given her requiring the plaintiff to increase her work rate. The plaintiff alleges that Lucas continued to treat her unfairly during 2006 and 2007 despite the plaintiff's complaints to Vallie Piloian, a Service Team Manager and later the Director of QA at Webmedx.

The plaintiff contends that during 2007, she was consistently given jobs from accounts that were not her accounts, was given difficult jobs, and was not able to self-assign easy proof reading jobs as other QA-Cs were allowed to assign. She alleges that the sources of this harassing and discriminatory supervision were Piloian and Donna Smith ("Smith"), the Review Team Supervisor under whom the plaintiff worked. The plaintiff believes that she was given less desirable work jobs because she was not a member of AHDI, a transcription association. The plaintiff asserts that she requested a transfer out of the department after unsuccessfully complaining to Smith about discrimination and was scheduled by Leianne Marsh ("Marsh), the Director of Transcription Operations, for an interview for a "STM" position on July 13, 2007.

However, the plaintiff contends that the interview was cancelled by Marsh at the directive of Jay Cannon ("Cannon") shortly before it was to begin and that she instead received an e-mail from Piloian in response to her complaint of harassment and discrimination which the plaintiff viewed as oppressive, unprofessional, and hostile. The plaintiff then e-mailed Mr. Consoli requesting an appointment to talk about the Piloian e-mail, the ongoing harassment and discrimination at Webmedx, and the plaintiff's desire to transfer out of the QA Department. The plaintiff alleges that Mr. Consoli responded that afternoon by advising her that there were no positions available for her at the time and directing her to continue in her current position. The plaintiff contends that Smith then specially assigned her jobs that were not from her accounts, which made it difficult for the plaintiff to complete work on her normal accounts. After the plaintiff completed her scheduled shift on July 15, 2007, she sent an e-mail entitled "NOTICE OF TITLE VII VIOLATIONS among others" to the "Directors, Executives, and stockholders of Webmedx, and all other interesting parties" voicing her complaints and requesting that she not be discriminated against at Webmedx. See Complaint (Docket Entry No. 1), at 8. She contends that the next morning she was locked out of the Webmedx website and e-mail and was terminated for cause from employment with Webmedx.

The plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and received a right-to-sue letter dated September 24, 2010. See Docket Entry No. 1-2. On December 23, 2010, she filed this action pro se against Webmedx, six individually named Webmedx employees - Karin Lucas,[1] Sean Carroll, Joseph Cannon, Lance Fusacchia, Vallie Piloian, Donna Smith, and 100 unnamed "Doe" defendants. The plaintiff brings federal claims under

---

[1] This defendant asserts that her married name is Karin Lucas, although she was named in the complaint by her prior name of Karin Hansen. See Docket Entry No. 42, at 1 n.1. On August 26, 2011, the plaintiff filed a notice amending the defendant's name to Karin Lucas. See Docket Entry No. 82.

3

42 U.S.C. §§ 2000e et seq. ("Title VII") and 42 U.S.C. § 1981 ("Section 1981"), and state law claims under California law pursuant to the Court's supplemental jurisdiction under 28 U.S.C. § 1367. She seeks 25 million dollars in compensatory damages and 100 million dollars in punitive damages based on several causes of action:

     1. Violations of Title VII, Section 1981, and the California Fair Employment and Housing Act, Cal. Gov't Code §§ 12940 et seq. ("FEHA"), through "discriminatory employment practices, harassment, and hostile work environment" that arose because of her race, national origin, and ancestry and as an act of retaliation against her for raising complaints about discrimination;

     2. Tortuous wrongful termination in violation of public policy under California Law;

     3. Breach of Contract under California Law;

     4. Breach of the Covenant of Good Faith and Fair Dealing under California Law;

     5. Fraud, Deceit, and Civil Conspiracy under California Law;

     6. Intentional Interference with Economic Advantage under California Law; and

     7. Intentional Infliction of Emotional Distress under California Law.

See Complaint, at 9-16.

## II. DISPOSITIVE MOTIONS AND RESPONSE

Defendant Webmedx seeks dismissal under Rules 12(b)(6) and 9(b) of the Federal Rules of Civil Procedure. Webmedx argues that the plaintiff has not alleged sufficient facts to maintain viable claims under Title VII and that her Title VII failure to promote claim is also barred by the applicable statute of limitations. With respect to the plaintiff's state law claims, Webmedx contends that the applicable two year statute of limitations bars the plaintiff's claims of tortuous wrongful termination,

breach of implied covenant of good faith and fair dealing, intentional interference with economic advantage, and infliction of emotional distress  Webmedx further contends that the facts alleged by the plaintiff fail to support her claims of breach of contact, breach of the implied covenant of good faith and fair dealing, civil conspiracy, intentional interference with economic advantage, and infliction of emotional distress. Webmedx also asserts that the plaintiff's claim of fraud and deceit is not pled with sufficient particularity to satisfy Rule 9(b) of the Federal Rules of Civil Procedure. See Docket Entry No. 23.

The six individual defendants seek dismissal of the action under Rules 12(b)(2), 12(b)(5), 12(b)(6), and 9(b).  They contend that the plaintiff has not properly served any of them because she attempted to serve them at their current or former place of employment by using a process server who left the summonses and complaints with a person not authorized to accept service on their behalves and by mailing the summonses and complaints when that mail was signed for by persons who were also not authorized to accept service.  They further argue that the Court lacks personal jurisdiction over all of the individual defendants except for Defendant Cannon because these five individuals do not work or reside in Tennessee and do not have sufficient minimum contacts with Tennessee.  The individual defendants also echo the arguments of Webmedx that the plaintiff's allegations fail to support many of her claims and that the statute of limitations bars several of her claims. Finally, they also assert that, as individuals, they cannot be sued under Title VII or on the plaintiff's claim for tortuous wrongful termination. See Docket Entry No. 42.  The motion is supported with declarations from each of the individual defendants.  See Docket Entry Nos. 44-49.

In response to the motions, the plaintiff has made a multitude of filings opposing the dismissal of her claims.  See Docket Entry Nos. 59-65 and 83-87.  She also files her own motion seeking an

5

order striking the defendants' filings, an order granting her default judgment, or, in the alternative, for judgment in her favor under Rules 12(f) and 12(h)(2)(B) for failure of the defendants to state a valid legal defense to her claims. See Docket Entry Nos. 66-67.

## III. ANALYSIS

The underlying facts and the multitude of legal issues raised in the instant action renders resolution of the pending motions both complicated and, for the most part, likely unsatisfying to all parties involved. The plaintiff's claims are of the veritable "kitchen sink" variety of federal and state claims, the facts alleged by the plaintiff have a tenuous connection to the Middle District of Tennessee at best, the defendants' arguments for dismissal and the plaintiff's competing rebuttals are lengthy and all encompassing, and both parties have done their best to stretch the limits of what materials may be appropriately considered by the Court in the stance of resolving motions to dismiss brought under Rule 12. Further thrown into the mix is the fact that the plaintiff is a pro se litigant who must be given some leeway by the Court in review of her filings, although she has shown an ability to prosecute her claims by raising arguments in a manner befitting of a person who litigates for a living. Nonetheless, the Court must wade into the legal quagmire that has been presented to it and makes the following legal conclusions and recommendations.

A. Timeliness of the Motion filed by the Individual Defendants and Waiver of Defenses

The plaintiff sets forth several arguments in support of her motion to strike the motion to dismiss filed by the individual defendants and/or deem their Rule 12(b)(2) and (5) defenses waived. See Docket Entry No. 67, at 4-6.

6

First, she contends that the individual defendants did not file their motion within the time period permitted to file an answer and, thus, they have not timely responded to the complaint and she should be granted a default judgment against them. This argument has no merit. The time period set out in Rule 12(a) for serving an answer does not begin until the defendant has been "served with the summons and complaint." Rule 12(a)(1)(A)(i). There is no specific time by which a motion raising a defense under Rule 12(b) must be filed. Rather, Rule 12(b) only requires that such a motion "must be made before pleading if a responsive pleading is allowed." Accordingly, until the Court determines the issue of whether the individual defendants have been properly served with process, the triggering date for the individual defendants to file an answer will not begin. The Rule 12 motion filed by the individual defendants was their first defensive response to the complaint and was timely filed. The individual defendants have not waived any of the defenses raised in their motion.

Second, the plaintiff contends that the individual defendants have been named in their official capacity as agents of Webmedx, as well as in their individual capacities. As such, she argues that any defenses which the individual defendants wanted to raise should have been included in the motion to dismiss filed by Webmedx on May 4, 2011, and that, because Webmedx did not raise the defenses of lack of personal jurisdiction or insufficient service of process on behalf of the individual defendants, those defenses have been waived and the individual defendants cannot raise such defenses in the motion they filed on June 6, 2011.

This argument has no legal merit. The manner in which the plaintiff named the defendants in her complaint does not relieve the plaintiff from the duty to serve them with process individually or dictate the manner in which they are able to defend the action brought against them. The motion filed by Webmedx was filed only on its behalf and does not in any way bind the individual defendants

7

to only those defenses raised by Webmedx. Although the plaintiff cites to several cases addressing general legal principles regarding governmental officials sued in their official capacities, she has offered no actual legal authority that directly supports the novel legal argument which she raises.

Finally, pursuant to Rule 12(f), the plaintiff seeks to strike the defendants' defenses to her claims as insufficient. This request is also without merit. First, by its own terms, Rule 12(f) only permits the Court to strike matters from "a pleading." The definition of a pleading, as set out in Rule 7(a), does not include a motion to dismiss. Accordingly, the provision permitting a Court to strike under Rule 12(f) does not apply to motions to dismiss. Furthermore, the mere fact that the plaintiff disagrees with the merits of a defense raised by the defendants does not render it insufficient. A defense is insufficient for the purposes of Rule 12(f) only when it is unrelated to the controversy at hand. See Brown and Williamson Tobacco Corp. v. United States, 201 F.2d 819, 822 (6th Cir. 1953). Similarly, Rule 12(f) does not permit the Court to grant the plaintiff's request to strike the references in the defendants' motions to the plaintiff's prior litigation activity. See Docket Entry No. 67, at 2-4.[2]

B. Jurisdiction Over The Individual Defendants

As the Supreme Court held in World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 291, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980), "[d]ue process requires that the defendant be given adequate notice of the suit, Mullane v. Central Hanover Trust Co., 339 U.S. 306, 313-314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950), and be subject to the personal jurisdiction of the court, International

---

[2] Although Rule 12(f) does not permit the Court to strike matters from the motions filed by the defendants, the Court nonetheless has not taken into account any of the plaintiff's previous litigation when reviewing the pending motions.

Shoe Co. v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945)." The individual defendants raise both threshold issues in their motion to dismiss.

First, they assert that they have not been properly served with process in this action. Rule 4 of the Federal Rules of Civil Procedure mandates that a "summons shall be served together with a copy of the complaint" and that "[t]he plaintiff is responsible for service of a ... complaint." Fed R. Civ. P. 4(c)(1). "[D]ue process requires proper service of process in order to obtain in personam jurisdiction," Amen v. City of Dearborn, 532 F.2d 554, 557 (6th Cir.1976), and the plaintiff bears the burden of showing she has effected proper service of process upon a defendant. See Odyssey Med., Inc. v. Augen Opticos, S.A. de C.V., 2011 WL 4478873, *2 (W.D.Tenn.) (W.D.Tenn. Sept. 26, 2011).

With respect to service upon individuals, Rule 4(e) provides that service of process may be effected by:

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>     (A) delivering a copy of the summons and of the complaint to the individual personally;
>     (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>     (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

In the instant action, the plaintiff attempted to serve each of the individual defendants by delivering a copy of the complaint and summons to Webmedx's office in Atlanta, Georgia,[3] by hand

---

[3] Even though the summonses listed each respective individual defendant with an address of 5410 Maryland Way, #400, Brentwood, TN 37027-8087, the plaintiff chose to attempt service of process in Atlanta, Georgia. See Docket Entry Nos. 14-19.

9

via a process server and by certified mail. See Docket Nos. 14-19. The hand delivered copies were not delivered to any of the individual defendants personally, but were left with Defendant Carroll's assistant, Bethany Phillips. Id. The certified mail copies were signed for by Vicki Benson and Chris Cashwell, who are employees of Webmedx. Id.

Each of the individual defendants asserts that they have not given Bethany Phillips, Vicki Benson, or Chris Cashwell authority to accept service of process of the plaintiff's complaint. See Declaration of Smith (Docket Entry No. 49); Declaration of Piloian (Docket Entry No. 48); Declaration of Lucas (Docket Entry No. 47); Declaration of Fusacchia (Docket Entry No. 46); Declaration Carroll (Docket Entry No. 45); and Declaration of Cannon (Docket Entry No. 44). There is no evidence in the record that refutes these declarations.

The plaintiff has not shown that process was served on the individual defendants pursuant to any of the three methods set out in Rule 4(e)(2). Accordingly, the plaintiff must show that process was properly served under Rule 4(e)(1) in accordance with either the law of Tennessee, where this action was filed, or the law of Georgia, where service of process was attempted.

The plaintiff does not argue that process was effective under the law of Georgia, but instead contends that process was served in compliance with Rule 4.04(5) and (10) and 4.05(1)(a) of the Tennessee Rules of Civil Procedure. The Court disagrees. While Rule 4.04(10)[4] allows service by

---

[4]Rule 4.04(10) provides that:

[s]ervice by mail of a summons and complaint upon a defendant may be made by the plaintiff, the plaintiff's attorney or by any person authorized by statute. After the complaint is filed, the clerk shall, upon request, furnish the original summons, a certified copy thereof and a copy of the filed complaint to the plaintiff, the plaintiff's attorney or other authorized person for service by mail. Such person shall send, postage prepaid, a certified copy of the summons and a copy of the complaint by registered return receipt or certified return receipt mail to the defendant. If the defendant to be served is an individual or entity covered by [a subparagraph of

certified mail, such mail must be received and signed for by the individually named defendant or by an agent authorized to accept service. See Craddock v. Hennessee, 2010 WL 3851555 (E.D. Tenn. Sept. 27, 2010); Chicago Title Ins. Co. v. Dewrell Sacks, LLP, 2009 WL 5217021 (M.D.Tenn. Dec. 30, 2009) (Trauger, J.); Bateman v. U.S., 2009 WL 2043871 (M.D.Tenn. July 9, 2009) (Echols, J.); Hall v. Haynes, 2009 WL 782761 (Tenn.Ct.App. Mar. 26, 2009) (service of process by certified mail must be signed for by individual to whom mail is addressed or by agent who has express or implied actual authority to accept service on the individual's behalf). The plaintiff does not offer any proof that Vicki Benson and Chris Cashwell had express or implied actual authority to accept service on behalf of any of the individually named defendants. With respect to Rule 4.04(5)[5], the plaintiff similarly does not offer any proof that Bethany Phillips is the "person in charge" of the Georgia Webmedx office, let alone a persuasive argument that the instant action is one which grew out of or is connected with the business of the Georgia office. The plaintiff's arguments that the individual defendants have been properly served are simply without merit.[6] Rule 4.05(1)(a) merely provides that service may be made on defendants outside Tennessee by the forms of service permitted under

---

      Rule 4], the return receipt mail shall be addressed to an individual specified in the applicable subparagraph. The original summons shall be used for return of service of process pursuant to Rule 4.03(2).

      [5]Rule 4.04(5) provides for service:

      [u]pon a nonresident individual who transacts business through an office or agency in this state, or a resident individual who transacts business through an office or agency in a county other than the county in which the resident individual resides, in any action growing out of or connected with the business of that office or agency, by delivering a copy of the summons and of the complaint to the person in charge of the office or agency.

     [6] O.J. Distrib., Inc., v. Hornell Brewing Co., Inc., 340 F.3d 345 (6th Cir. 2003), upon which the plaintiff relies, see Docket Entry No. 87, at 6, is readily distinguishable as that case involved the issue of service of process upon a corporation, not upon an individual.

Rule 4.04, and the plaintiff does not offer any specific argument regarding Rule 4.05. To the extent that any portion of the plaintiff's response in opposition can be read to contend that the individual defendants had actual knowledge of the instant lawsuit, "actual knowledge and lack of prejudice cannot take the place of legally sufficient service." LSJ Inv. Co., Inc., v. OLD, Inc., 167 F.3d 320, 324 (6th Cir. 1999).

Irrespective of the issue of improper service of process,[7] defendants Carroll, Fusaccia, Piloian, Smith, and Lucas present a second, and more compelling, threshold argument that this Court lacks personal jurisdiction over them. Each of these defendants assert that they neither reside nor work in Tennessee and that they lack sufficient minimum contacts with Tennessee to support the assertion of personal jurisdiction over them.[8]

Personal jurisdiction over an out-of-state defendant arises when the defendant has "certain minimum contacts with [the forum] such that maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" International Shoe Co., 326 U.S. at 316 (quoting Milliken v. Meyer, 311 U.S. 457, 463, 61 S.Ct. 339, 85 L.Ed. 278 (1940)). See also World–Wide Volkswagen Corp., 444 U.S. at 291. Fundamentally, the defendant must have conducted itself in such a way that it could reasonably anticipate being brought into court in the forum state. Worldwide Volkswagen Corp., 444 U.S. at 297; Days Inns Worldwide, Inc. v. Patel, 445 F.3d 889, 904 (6th Cir. 2006). Depending on the type of minimum contacts in a case, personal jurisdiction can either be said

---

[7] Courts have broad discretion to dismiss an action that involves improper service. Sherer v. Construcciones Aeronauticas, S.A., 987 F.2d 1246, 1247 (6th Cir. 1993). Nevertheless, "dismissal is not invariably required where service is ineffective-under such circumstances a court has discretion to either dismiss the action or quash service but retain the case for proper service later." Rojek v. Catholic Charities, Inc., 2009 WL 3834013, *3 (E. D. Mich. Nov. 16, 2009). See also Stern v. Beer, 200 F.2d 794, 795 (6th Cir. 1952).

[8] Defendant Cannon does not contest personal jurisdiction.

to be general or specific. Air Prods. and Controls, Inc. v. Safetech Int'l, Inc., 503 F.3d 544, 550 (6th Cir. 2007); Reynolds v. International Amateur Athletic Fed'n, 23 F.3d 1110, 1116 (6th Cir.1994). General personal jurisdiction requires the defendant to have "continuous and systematic" contacts in the forum state such that the forum court may exercise jurisdiction over the defendant regardless of whether the claim at issue is related to the defendant's activities in the state. Neogen Corp. v. Neo Gen Screening, Inc., 282 F.3d 883, 889 (6th Cir. 2002). Specific personal jurisdiction, on the other hand, is based on the defendant's contacts with the forum state as those contacts arise from the claims brought by the plaintiff. Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414 n.8, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984). See also Burger King Corp. v. Rudzewicz, 471 U.S. 462, 473, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985); Neogen Corp., 282 F.3d at 888.

Specific personal jurisdiction over a nonresident defendant exists only to the extent permitted by the state's long-arm statute and by the due process clause of the United States Constitution. Bridgeport Music, Inc. v. Still N The Water Pub., 327 F.3d 472, 477 (6th Cir. 2003). Tennessee's long-arm statute permits personal jurisdiction arising from "any basis not inconsistent with the constitution of this state or of the United States," Tenn. Code Ann. § 20-2-214(a)(6), and, thus, functionally serves to extend the court's personal jurisdiction to the limits allowed by the Constitution. Intera Corp. v. Henderson, 428 F.3d 605, 616 (6th Cir. 2005). As a result, the Court's personal jurisdiction over the defendant is analyzed within the context of the permissible limits of the due process clause, and the Court employs a three-part test to determine whether the exercise of jurisdiction comports with due process. First, the defendant must purposefully avail himself of the privilege of acting in the forum state; second, the cause of action must arise from the defendant's activities there; and third, the acts of the defendant must have a substantial enough connection with

the forum to make the exercise of jurisdiction over the defendant reasonable. Bridgeport Music, Inc., 327 F.3d at 477-78; Neal v. Janssen, 270 F.3d 328, 332 (6th Cir. 2001); LAK, Inc. v. Deer Creek Enterp., 885 F.2d 1293, 1299 (6th Cir. 1989); Southern Machine v. Mohasco Indus., 401 F.2d 374, 381 (6th Cir. 1968).

The plaintiff has the burden of establishing the district court's personal jurisdiction over the defendants. See Neogen Corp., 282 F.3d at 887; Nationwide Mut'l Ins. Co. v. Tryg Int'l Ins. Co., Ltd., 91 F.3d 790, 793 (6th Cir. 1996). The plaintiff fails to set forth any legal or factual basis that supports a minimal prima facie showing of personal jurisdiction over Defendants Carroll, Fusacchia, Piloian, Smith, and Lucas. There is nothing before the Court which shows the purposeful availment of these five defendants with this forum or which shows that any of the specifically alleged conduct of these five defendants arose out of any contact with Tennessee, had any consequence within Tennessee, or was sufficient to make the exercise of personal jurisdiction over these five defendants reasonable. The plaintiff has also not made any allegations showing continuous and systematic contacts of any of these five defendants with Tennessee that would support general personal jurisdiction over them. There are simply no facts alleged by the plaintiff in this case which support a conclusion that the five individual defendants had "fair warning" that their conduct toward the plaintiff might subject them to the jurisdiction of a Tennessee court as is required by the Due Process Clause. See Burger King Corp, 471 U.S. at 472.[9]

---

[9] In resolving the defendants' Rule 12(b)(2) motion, the Court relies solely on the parties' written submissions and affidavits and sees no need for an evidentiary hearing or limited discovery given the facts presented to the Court. As such, the plaintiff's burden is to make a prima facie showing that personal jurisdiction exists. Theunissen v. Matthews, 935 F.2d 1454, 1459 (6th Cir. 1991). The Court has viewed the pleadings and submissions in a light most favorable to the plaintiff and has viewed any disputed facts in her favor. Id. See also Estate of Thompson v. Toyota Motor Corp. Worldwide, 545 F.3d 357, 360 (6th Cir. 2008).

The plaintiff's various legal arguments in opposition to the defendants' motion to dismiss for lack of personal jurisdiction over them are largely self-serving and lacking in any legal merit. Many of the plaintiff's arguments incorrectly intertwine the issue of subject matter jurisdiction with the issue of personal jurisdiction. For example, personal jurisdiction over a particular defendant does not inherently exist merely because the Court may choose to exercise supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367, and there is not a legal doctrine of supplemental individual jurisdiction that supports the plaintiff's contentions. The plaintiff's reliance on Mendoza v. Zirkle Fruit Co., 301 F.3d 1163 (9th Cir. 2002), see Docket Entry No. 85, at 13-14, is simply misplaced since the analysis in Mendoza pertained to issues of subject matter jurisdiction, not personal jurisdiction.

There is also no legal doctrine of official capacity jurisdiction for corporate officers as the plaintiff argues. The plaintiff appears to contend that Balance Dynamic Corp. v. Schmitt Indus., Inc., 204 F.3d 683 (6th Cir. 2000), stands for the proposition that there is personal jurisdiction over individual defendants who are agents of a corporation as long as there is jurisdiction over the corporation. See Docket Entry No. 90, at 9. The plaintiff misreads the decision. Although the Court in Balance Dynamic held that a corporate officer could not assert the fiduciary shield doctrine as a defense to the assertion of personal jurisdiction, the Court specifically noted that "jurisdiction over the individual officers of a corporation cannot be predicated merely upon jurisdiction over the corporation." 204 F.3d at 698 (quoting Weller v. Cromwell Oil Co., 504 F.2d 927, 929 (6th Cir. 1974)). See also Keeton v. Hustler Magazine, Inc., 465 U.S. 770, 781 n.13, 104 S.Ct. 1473, 79 L.Ed.2d 790 (1984) ("jurisdiction over an employee does not automatically follow from jurisdiction over the corporation which employs him."). The Court in Balance Dynamic confirmed that the issue

15

of personal jurisdiction should be determined by whether corporate officers' contacts with the forum state were such that due process would permit the exercise of personal jurisdiction over them. Id. at 697-98.

Additionally, although the plaintiff argues that personal jurisdiction may be established under a "conspiracy theory" based upon allegations of a conspiracy, see Docket Entry No. 67, at 9, and Docket Entry No. 90, at 10, the viability of personal jurisdiction based on a "conspiracy theory" is not settled in the Sixth Circuit, see Chrysler Corp. v. Fedders Corp., 643 F.2d 1229, 1237 (6th Cir. 1981), let alone the viability of exercising personal jurisdiction over non-residents whose only contact with the forum state is the allegation of involvement in the conspiracy. Further, even if a viable theory, any such theory is case specific and must include facts showing that a substantial act in furtherance of the conspiracy was performed in the forum state. See Williams v. Garcia, 569 F.Supp. 1452, 1455-57 (E.D. Mich. 1983). There are simply no facts alleged by the plaintiff supporting such a theory.

The plaintiff also contends that the individual defendants have consented to the exercise of personal jurisdiction over them by voluntarily appearing in this action. See Docket Entry No. 90, at 12-13. The plaintiff argues that, through counsel, the individual defendants and Webmedx tendered to her a joint stipulation to stay the action pending mediation. See Docket Entry No. 62, at 147-48. The plaintiff argues that, although the stipulation was not filed, it evidences the individual defendants' consent to the jurisdiction of this Court over them. The plaintiff is simply incorrect. The individual defendants did not formally appear in the action until filing their motion to dismiss, and the unfiled stipulation does not equate to the entry of an appearance on their behalf. Furthermore, even if the stipulation had been filed, a defendant's filing seeking a stay for the purposes of exploring

settlement does not waive a defendant's defense of lack of personal jurisdiction. Gerber v. Riordan, 649 F.3d 514, 519 (6th Cir. 2011). Accordingly, the Court agrees with defendants Carroll, Fusacchia, Piloian, Smith, and Lucas that this Court lacks personal jurisdiction over them.

However, it is not readily clear that their dismissal from the action is the appropriate outcome of the defendants' lack of personal jurisdiction argument. Citing to Stanifer v. Brannan, 564 F.3d 455 (6th Cir. 2009), the defendants contend that dismissal is warranted because the plaintiff has misused the legal process by bringing an action against them in this Court without having any basis to believe that the Court would have personal jurisdiction over them. See Docket Entry No. 43, at 18-19. In Stanifer, the court dismissed an action in lieu of transferring it to another venue after finding that the action had been improperly filed in a jurisdiction which did not have personal jurisdiction over the two named defendants despite this shortcoming being readily apparent. However, Stanifer does not compel dismissal of the five defendants in the instant action but merely confirms that dismissal is one option within the Court's discretion upon a finding that the Court lacks personal juridiction over defendants in the action.

The other option, and the one which the Court finds to be more appropriate given the particular circumstances of the instant action, is to transfer the entire action to the Central District of California where it could have been brought in the first instance.[10] The dismissal of these five defendants based on a lack of personal jurisdiction may present an obstacle to the plaintiff's adjudication of her claims on their merits. In such a situation, transfer of the action to the district where it could have been brought in lieu of dismissal is in the interest of justice and justifies transfer

---

[10] Victorville, California, which is where the plaintiff states she resides, is in San Bernardino County and within the Central District of California. See 28 U.S.C. § 84(c).

17

under Section 1406(a). See Goldlawr, Inc. v. Heiman, 369 U.S. 463, 82 S.Ct. 913, 8 L.Ed.2d 39 (1962); Jackson v. L & F Martin Landscape, 421 Fed.Appx. 482, 2009 WL 1935931 (6th Cir. July 6, 2009). The Court's authority to transfer an action under Section 1406(a) in the face of defects in jurisdiction over defendants was expressly adopted by the Sixth Circuit in Martin v. Stokes, 626 F.2d 469, 474 (6th Cir. 1980), which the court held that:

> The law in this Circuit, therefore, is that § 1406(a) provides the basis for any transfer made for the purpose of avoiding an obstacle to adjudication on the merits in the district court where the action was originally brought. That defect may be either improper venue or lack of personal jurisdiction.

626 F.2d at 474. See also Thornton v. Walter, 1985 WL 13711 (6th Cir. Sept. 17, 1985) ("It is clear that 'where the motion asks only that the suit be dismissed, the court may properly, sua sponte, order it transferred'"); Smith v. Peters, 482 F.2d 799, 803-04 (6th Cir. 1973); Taylor v. Love, 415 F.2d 118 (6th Cir. 1969); Eastman Chem. Co. v. URS Corp., 2011 WL 3423389 (E.D. Tenn. Aug. 4, 2011); Flagstar Bank, FSB, v. The Loan Experts Corp., 2010 WL 2805289 (E.D. Mich. July 25, 2010); Elcheikhali v. Geico Ins. Co., 2010 WL 301905 (N.D. Ohio Jan. 19, 2010). While there is some validity to the defendants' contention that the plaintiff had no basis upon which to believe that there was personal juridiction over them in this District and thus she should not have brought her action against them in this District, the Court finds that the question of personal juridiction is not as legally clear as the facts presented in Stanifer, especially to a pro se plaintiff, and that the harsh outcome of dismissal is not warranted under the circumstances.

The interests of justice require transfer of the action. The instant action is still in the very preliminary stages, answers have not been filed, and no discovery has occurred. It would not be a waste of judicial resources to transfer the action, and the Court finds no unfairness to the plaintiff given that any hardship suffered by her is outweighed by the preservation of her action in one forum

18

instead of having claims and defendants severed and being forced to litigate her claims in a piecemeal fashion. Further, given that several of the plaintiff's claims sound in California law, transfer of the action would permit resolution of these claims by a court more well versed in the laws of that state.

Although the plaintiff contends that she is entitled to litigate her state claims in this Court based on <u>Holt v. Virginia</u>, 381 U.S. 131, 85 S.Ct. 1275, 14 L.Ed.2d 290 (1965), and because her action was filed "to coordinate" her case with another case against Webmedx pending before this Court pursuant to 28 U.S.C. § 1407. <u>See</u> Docket Entry No. 85, at 3, and Docket Entry No. 67, at 13. Neither of these contentions has merit. <u>Holt</u> involved a criminal defendant's Sixth Amendment rights, and this action has not been made a part of multi-district litigation against Webmedx pursuant to 28 U.S.C. § 1407. Furthermore, the other action to which the plaintiff refers, <u>Horton v. Webmedx</u>, 3:10-0799, has no factual connection to the instant action other than the fact that Webmedx is a defendant.

## R E C O M M E N D A T I O N

For the reasons set out herein, the Court respectfully RECOMMENDS that:

1) the plaintiff's motion to strike the defendants' pleadings and for default judgment or for judgment on the defendants' failure to state valid defenses (Docket Entry No. 66) be DENIED;

2) the motion of the individual defendants to dismiss (Docket Entry No. 42) be DENIED to the extent that they seek dismissal under Rule 12(b)(5) in this District; and

3) this action be transferred to the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1406(a), and the merits of any substantive arguments raised by the defendants in their motions be reserved for consideration by the transferee court.

19

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this notice and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

JULIET GRIFFIN
United States Magistrate Judge